IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOEL ROMERO | § | |
| v. | § | CIVIL ACTION NO. 5:06cv82 |
| JEFFREY LANN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>ON MOTIONS FOR DEFAULT JUDGMENT AND INJUNCTIVE RELIEF</u>

The Plaintiff Joel Romero, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On October 27, 2006, Romero filed a motion seeking a default judgment and asking that the Court grant him injunctive relief directing that he be taken to see an orthopedic specialist. After review of the requests, the Magistrate Judge issued a Report on November 7, 2006, recommending that these requests be denied. The Magistrate Judge observed first that an answer had been filed on October 23, and so the Defendants were not in default. With regard to Romero's request for injunctive relief, the Magistrate Judge concluded that Romero was simply speculating that if he was not allowed to see a specialist, his injury might get worse. The Magistrate Judge observed that the Fifth Circuit has held that the fact that medical care provided to prisoners was not the best that money can buy does not amount to deliberate indifference to serious medical needs. *See* <u>Mayweather v. Foti</u>, 958 F.2d 91, 92 (5th Cir. 1992).

Romero filed objections to the Magistrate Judge's Report on November 15, 2006. In his objections, he says that if given a fair opportunity, he could prove that the defendants are

1

ignoring and continue to ignore a painful condition, which is a leg injury he suffered on December 21, 2005.  However, he concedes that he saw a nurse on December 23 and the doctor on December 27, 2005, and he was taken to the X-ray department on January 2, 2006, but he became angry because the medical staff was making fun of his injuries.  Romero says that his leg continues to hurt and give him problems.

The Fifth Circuit has held that simple disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation.  Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).  It should be noted that deliberate indifference is an extremely high standard to meet.  Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).  Romero's motion for injunctive relief simply complains that the treatment he has been given has been unsuccessful and fails to meet the exacting standards required for the issuance of a preliminary injunction.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's motion for injunctive relief and default judgment, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's motion for a default judgment and the issuance of a preliminary injunction, filed October 27, 2006 (docket no. 16) is DENIED.

**SIGNED this 10th day of January, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE