IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOEL ROMERO | § | |
| v. | § | CIVIL ACTION NO. 5:06cv82 |
| JEFFREY LANN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Joel Romero, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Romero complains that he was subjected to harassment and retaliation for filing grievances and that he was denied medical care.  The Defendants were ordered to answer the lawsuit and did so.  Romero filed motions for partial summary judgment on January 29 and 31, 2007 (docket no.'s 37, 38, and 39), and the Defendants filed a motion for summary judgment on January 31, 2007 and a supplemental motion on April 19, 2007.  Romero filed a response to the Defendants' motion for summary judgment on February 20, 2007.

After review of the motions for summary judgment, the Magistrate Judge issued a Report on June 6, 2007, recommending that the Plaintiff's motions for partial summary judgment be denied and that the Defendants' motion for summary judgment be granted.  Romero filed objections to the Report on June 18, 2007, as well as a motion to stay any ruling so that he could conduct additional discovery, and a motion for a directed verdict in a jury trial.

In his objections, Romero argues that he has received only incomplete discovery and that he should have been granted a jury trial. He argues that the fact that one of the disciplinary cases given to him was proof that the case had been given to him in retaliation, that the violations of prison procedures in this disciplinary case demonstrated a constitutional violation, and that the fact that Officer Gray was present on a cellblock when not assigned to work there was proof that she had gone to that cellblock for the specific purpose of retaliating against Romero. He further contends that the TDCJ Administrative Segregation Plan and the Offender Management Policy amount to "state-created liberty interests."

With regard to his claims of denial of medical care, Romero says that in March of 2006, he received different treatment for the same injuries than he had received in December of 2005. He notes that the Defendants did not file a motion opposing his motions for summary judgment, and says that the Defendants are "required to respond to every particular point" raised in his claims. Romero argues that one example of gross misconduct by medical personnel is not excused because "the overall pattern reflects general attentiveness."

Next, Romero says that the Magistrate Judge incorrectly construed Sandin v. Conner, 115 S.Ct. 2293 (1995). He says that the Defendants lied on their reports, imposed "atypical punishment," denied access to medical care, refused medical treatment, blocked the investigation of grievances, and failed to correct their violations on repeated occasions, implying that these meet Sandin's requirement of "atypical and significant hardships."

Romero concludes by saying that the Defendants have presented nothing more than "mere assertions" in support of their claims, and argues that the Court should grant his motions for a stay and for a directed verdict at a jury trial.

In his motion for stay, Romero complains that the Defendants "hid evidence" from him. He says that the Defendant Jeffrey Lann has been fired from TDCJ, and that he, Romero, requested copies of grievances which other inmates had filed against Lann, but these have never been produced. He also says that he requested a document called the "Administrative Incident Review

Report," which he says would have shown that his medical condition caused pain and discomfort but was ignored. Romero says that he filed a motion to appoint an expert and that other documents, including his TDCJ classification form, known as a PULHES health summary for classification form, would have shown that he was denied medical care. Finally, Romero says that he has filed a motion to supplement his motion for summary judgment, which motion was filed after the Magistrate Judge's Report was issued.

Romero has not shown that the documents which he claims were not disclosed were relevant to his case, even if they exist. Grievances filed by other inmates against Lann are not relevant or admissible under Rule 404, Fed. R. Evid. Romero's medical records themselves are attached to the Defendants' motion and supplemental motion for summary judgment, which document the treatment that he received. Romero's PULHES form is attached to the Defendants' supplemental motion for summary judgment, and does not reflect that he was denied medical care.

The fact that a disciplinary case was later overturned is not proof that a constitutional violation occurred. The Fifth Circuit has held that the Constitution does not guarantee that only the guilty will be arrested; if it did, Section 1983 would provide a cause of action for every defendant acquitted and every suspect released. Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982). Similarly, the Constitution does not provide a cause of action for every inmate whose disciplinary case is overturned on appeal. Similarly, the fact that the medical treatment received in March of 2006 was different from that received in December of 2005 does not show that the earlier treatment was deliberately indifferent to his serious medical needs.

Romero's interpretation of Sandin would eviscerate the meaning of that case by allowing inmates to argue that virtually any punishment imposed was an atypical or significant hardship in relation to the ordinary incidents of prison life. The Magistrate Judge correctly determined that the specific punishments imposed upon Romero in the disciplinary cases complained of, which punishments consisted of a verbal reprimand and a total of 30 days of cell and recreation

restrictions, did not impose such atypical or significant hardships. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Romero's objection on this point is without merit.

Romero also provides a list of facts which he says are disputed, thus precluding the grant of summary judgment. These simply repeat the assertions of his complaint and motions for summary judgment. The Fifth Circuit has stated that to avoid summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmovant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995). This means that although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991); *see also* Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980) (litigants may not oppose summary judgment through unsworn materials). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 n. 15 (5th Cir. 1994). Romero's objections present nothing more than such "bald allegations of a factual dispute," and therefore are without merit.

The fact that Lann may have been fired from TDCJ is not relevant absent a showing that his firing was related to Romero's case. Hence, documents concerning this, like the grievances filed by other inmates, are not discoverable. *See generally* Jones v. Clark, 46 Fed.Appx. 732 (%th Cir., August 2, 2002) (not selected for publication in the Federal Reporter), *citing* King v. Dogan, 31 F.3d 233, 346 (5th Cir. 1994). Romero was provided documentary evidence showing the medical treatment which he received, in the form of the medical records themselves, and his speculation that a document called the "administrative incident review report" would have shown that his medical

condition was ignored is not sufficient to defeat summary judgment. The Fifth Circuit has held that prisoners cannot make claims of discrimination and then make "a blind search of prison records to see if anything can be found." Whittington v. Lynaugh, 842 F.2d 818, 820 (5th Cir. 1988). The same reasoning holds true here.

In his motion to supplement his motion for summary judgment, Romero attaches medical records from May of 2006, showing that he suffered right ankle pain, for which he was told to rest and elevate the ankle, and was prescribed ibuprofen. X-rays were taken and he was given a 10-day pass for crutches. Romero appears to argue that this treatment was different than that which he received in December, and that this shows that the treatment which he received in December was constitutionally deficient; however, this contention is without merit. *See* Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).[1] Finally, Romero's motion to appoint an expert is without merit because the Fifth Circuit has expressly held that the language of 28 U.S.C. §1915(d) does not authorize the appointment of expert witnesses to aid indigent litigants. Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). Romero's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and supplemental complaint, the motions and supplemental motions for summary judgment filed by the parties, the Plaintiff's response, the competent summary judgment evidence, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

---

[1] The May 25, 2006 order for medical treatment, which treatment Romero apparently thinks appropriate, was signed by Nurse Practitioner Shelton, one of the Defendants in this case.

ORDERED that the Plaintiff's motions for summary judgment or partial summary judgment are DENIED and that the Defendants' motion for summary judgment is GRANTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action, including the Plaintiff's motion to stay ruling and the Plaintiff's motion for a directed verdict in a jury trial, are hereby DENIED.

**SIGNED this 6th day of July, 2007.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE